UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
In re:                                    Chapter 7
CHANGANDA P.   CARIAPPA                   Case No.: 1-09-47321-dem

                Debtor.

------------------------------x

AMENDED
NOTICE OF MOTION TO ANNUL OR IN
THE ALTERNATIVE VACATE THE AUTOMATIC STAY

COUNSELORS:

    PLEASE TAKE NOTICE, that a Motion will be made upon the annexed Application of Allen Resnick, Trustee, the Allen Resnick Lifetime Trust ("Resnick") by his attorney, Gary Schoer, Esq., at a hearing to be held before the Honorable Dennis E. Milton, United States Bankruptcy Judge of the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on Tuesday, May 11, 2010 at 2:00 p.m. in the afternoon of that day, or as soon thereafter as counsel may be heard, for the entry of an Order annulling and/or terminating the automatic stay as it pertains to Resnick and his Co-Lenders/Creditors, Lorraine Lynch, Kenneth Alterman, Roberta Alterman and the Sheila Resnick Lifetime Trust (collectively the "Lenders") so as to permit the Lenders and their agents, to continue and complete a public auction, pursuant to an Adjustable Rate Note, a Security Agreement and a Stipulation of Settlement ("Loan Documents"), of the shares of Cooperative Apartment, 97-37 63rd Road, Apartment

1

5J, Rego park, New York owned by the Debtor and to undertake any other legal means to obtain possession of such premises pursuant to Bankruptcy Rules 4001,9014,11 U.S.C.§362(d) and E.D.N.Y. LBR

deems just and proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to E.D.N.Y. LBR 9006-1(a), Objections to this Motion, if any, shall be in writing, shall state with particularity the grounds for the objection, and shall be served upon the undersigned so as to be received not later than seven (7) days before the hearing date and filed with the Bankruptcy Court no later than the day after service. Such Objections shall be filed with the Clerk of the Bankruptcy Court together with proof of service and a copy designated for chambers. Objections shall be filed with the Bankruptcy Court electronically in accordance with Administrative Order dated June 4, 2003 (which can be found at www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other Parties in Interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) pursuant to Administrative Order dated June 4, 2003.

Dated:   Syosset, New York
         March 22, 2010

_(signature)_

GARY SCHOER, ESQ.
*Attorneys for Creditors*
*Lorraine Lynch, Kenneth Alterman,*
*Roberta Alterman, The Allen*
*Resnick Lifetime Trust and The*
*Sheila Resnick Lifetime Trust*
6800 Jericho Turnpike, Suite 108W
Syosset, New York 11791
(516) 496-3500


To: Diana G. Adams, Esq.
    Office of the United States Trustee
    271 Cadman Plaza East, Suite 4529
    Brooklyn. New York 11201

   Changanda P. Cariappa
   97-37 63rd Road, Apt. 5J
   Rego Park, New York

   Catherine May Co, Esq.
   Law Office of Catherine May Co
   *Attorney For Debtor*
   109 Davison Avenue
   Lynbrook, New York 11563

   Richard K O'Connell, Esq.
   *Chapter 7 Trustee, Estate of Changanda P. Cariappa*
   Yost & O'Connell
   24-44 Francis Lewis Boulevard
   Whitestone, New York 11357

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
In re:                                    Chapter 7

CHANGANDA P. CARIAPPA                     Case No.: 1-09-47321-dem

            Debtor.
------------------------------X

APPLICATION IN SUPPORT OF MOTION FOR
ORDER ANNULLING/TERMINATING STAY

TO THE HONORABLE DENNIS E. MILTON, U.S. BANKRUPTCY JUDGE:

The Application of Allen Resnick, trustee, of the Allen Resnick Lifetime Trust (hereinafter "Resnick" or "Lender"), by and through his attorney, Gary Schoer, Esq., for an Order: annulling and/or terminating the automatic stay as it pertains to Resnick and his co-lenders/creditors, Lorraine Lynch, Kenneth Alterman, Roberta Alterman and the Sheila Resnick Lifetime Trust (hereinafter collectively the "Lenders") so as to permit the Lenders and their agents to continue and complete a public auction, pursuant to an Adjustable Rate Note, a Security Agreement and a Stipulation of Settlement, of the shares of Cooperative Apartment 97-37 63rd Road, Apt. 5J, Rego Park, New York, owned by the Debtor and to undertake any other legal means to obtain possession of those premises pursuant to Bankruptcy Rules 4001, 9014, 11 U.S.C. 362(d) and E.D.N.Y. LBR 4001-1 and granting such other and further relief as to this Court is just and proper, respectfully represents as follows:

1. This case was commenced by the filing of a bare bones skeletal Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code (hereinafter, the "Code") on August 26, 2009. At the time of filing, the Clerk of the Court issued a Deficient Filing Notice.

2. The Lenders are secured creditors of the Debtor having loaned to the Debtor, pursuant to a Stipulation of Settlement (Exhibit "A" annexed hereto) and a Note (Exhibit "B" annexed hereto) and Security Agreement (Exhibit "C" annexed hereto) (hereinafter the "Loan Documents"), dated April 15, 2009, the sum of $236,250.00 to be paid in twenty four (24) consecutive equal monthly installments in the sum of $1,733.52 commencing April 4, 2009 and continuing until March 4, 2011 when a balloon payment of $233,872.60 would be due and payable.

3. The Loan Documents and the debt of the Debtor to the Lenders was secured by the Debtor's shares of capital stock in a cooperative apartment located at 97-37 63rd Road, Apt. 5J, Rego Park, New York (hereinafter the "Premises").

4. Prior to the filing of his initial Petition herein, the Debtor was in default of his obligations to the Lenders having failed to make the payments, pursuant to the Loan Documents, due June 10, and July 10, 2009 (Exhibit "D" annexed hereto).

5. As a result of the Debtor's default a public sale

of the security was noticed and published (Exhibit "E") scheduling such sale for August 28, 2009.

6.  Upon information and belief, it was the notice and scheduling of that sale that in the precipitated the filing of the instant bankruptcy petition, in that in the initial filing the sole creditor listed by the Debtor was counsel for the Lenders (Exhibit "F" annexed hereto)

7.  Judge Jerome Feller was originally assigned to the case due to a prior bankruptcy filing by the Debtor.[1]

8.  A review of the Court's record reveals that the Debtor has filed not fewer than five (5) prior bankruptcy petitions in the last twelve (12) years.[2]

9.  By Application dated September 2, 2009, the Debtor sought, in order to cure his deficient initial filing, to extend the time for him to file proper Bankruptcy Schedules from September 10 to September 24, 2009.

10. By Order of the Court dated September 11, 2009 Judge Feller denied the motion to extend the Debtor's time to file Bankruptcy Schedules.

11. Significantly, in denying the Application, Judge Feller noted that the present case was the Debtor's sixth bankruptcy filing and that in each of those cases the Debtor

---

[1] On November 2, 2009 the case was reassigned to Judge Dennis E. Milton.
[2] Case Numbers 1-98-26018; 1-98-83105-SB; 8-99-88297; 1-00-21880; 1-0643846.

filed incomplete papers and that all were dismissed prior to plan confirmation. Judge Feller issued an Order providing that the Debtor was to file his Bankruptcy Schedules no later than September 10, 2009. A copy of the September 11, 2009 Order is annexed hereto as Exhibit "G".

12. The Debtor did not file Bankruptcy Schedules until September 29, 2009, some nineteen (19) days after they were due and five (5) days beyond the date the Debtor sought to file such papers in his motion. A copy of the Bankruptcy Schedules are annexed hereto as Exhibit "H".

13. On October 19, 2009, the Bankruptcy Court issued a Final Notice of Section 521 Deficiencies noting that the Debtor had failed to file a Statement of Monthly Means Test and Income Calculation.

14. On October 21, 2009, the Debtor filed a Statement of Current Monthly Income (Exhibit "I" annexed hereto), however, he did not state his monthly income for Chapter 13 Purposes (See Docket Entry #23, and Clerk entry "Statement of Current Monthly Income in the amount-No Amount Stated (Means Test- Chapter 13)")

15. Thereafter, the Debtor filed an amended Statement of Current Monthly Income that set forth different income sums for himself and his wife than previously reported (Exhibit "J" annexed).

16. On October 7, 2009, the first 341(a) meeting was

held at which counsel for the Lenders was present. At that hearing, the Debtor was evasive and could not explain many of the items contained on his schedules. For example he was unable to explain or reconcile his income and expense schedules, unable to explain his residence history in light of his list of creditors (he under oath testified that he had not lived anywhere other than the Premises for 25 years, while admitting that his children went to Roslyn Schools as residents, lived with him and that he owed various creditors, in Roslyn, for rent arrears) and was unable to explain what happened to the four Dunkin Donut franchises he had owned. The meeting was adjourned with the Trustee advising the Debtor that it would be in his best interest to obtain counsel and revise and amend his schedules.

17.    Before the adjourned 341 (a) hearing was held, the Debtor retained counsel and on December 15, 2009 filed a Motion to Convert his Chapter 13 case to a Chapter 7 Bankruptcy.

18.    Upon information and belief, in a proceeding in State Court concerning an eviction and rent arrears, in both an Affidavit in Support of an Order To Show Cause and a Proposed Answer, both dated December 9, 2009, the Debtor stated that "I am forced to stay in the leased premises due to my children's current enrollment to the Roslyn school district." This statement sworn to under oath is in direct contradiction to the

Debtor's repeated sworn statements to this Bankruptcy Court that he lives in the Premises.

19. Applicant is aware of a Complaint filed by the Chapter 7 Trustee to deny the Debtor's discharge under 11 U.S.C. §727 for, among other things, making false oath and accounts in the instant case. A copy of the Complaint of the Trustee is annexed hereto as Exhibit "K".

20. Moreover, the Debtor is a veteran serial filer with five (5) prior bankruptcies to his credit. Each of the prior filings were dismissed. Annexed hereto is as Exhibit "L" are copies of the Court Dockets in those prior cases.

21. Numerous other motions to vacate the stay were made in those prior cases. The Debtor filed some cases with counsel and others pro se. The Debtor filed cases in both Brooklyn and Central Islip, notwithstanding showing a Queens address in all the filings. In those cases, as noted by Judge Feller, the Debtor failed to file timely or file at all, the required disclosures and Bankruptcy Schedules.

22. In one instance the automatic stay was vacated in favor of a creditor with prejudice. (Docket entry 19 in Case No. 8-99-88297-dte).

23. In another filing, the case was dismissed with prejudice to the Debtor's right to re-file any petition for relief for a period of one year. (Docket Entry 9 in Case No.

100-21880-jf).

24. From a review of the entire record, it is clear that the Debtor has been less than candid with this Court and has acted in bad faith by his manipulation of the bankruptcy process.

25. A Bankruptcy Court can annul the automatic stay, which has retroactive effect, in situations where the Debtor has acted in bad faith. Here, the Debtor is guilty of lying to this Court under oath, abusive and repetitive filings and fraudulent conduct. The Lenders have been patient, but the Debtor's actions have been designed merely to unreasonably delay the Lenders.

26. The Debtor filed for bankruptcy over six (6) months ago. The Debtor has made only three payments to the Lenders since January, 2008. Even during the period that this was a Chapter 13 proceeding, only one post petition payment was made by the Debtor.

27. Based upon the Debtor's income, it appears that he is unable to make the monthly payments due to the Lenders.

28. Additionally, while the Lenders have patiently attempted to work with the Debtor, recently the Debtor's attorney has advised that the Debtor does not have the means to re-affirm the Lenders' debt.

29. Currently, the Debtor owes to the Lenders arrears in the sum of $16,409.59, plus principal in the sum of

$236,250.00.

30. In light of the fact that the last appraisal of the Premises (Exhibit "M" annexed), obtained at the time of the original loan herein in June, 2006 when the market was higher, was for $350,000.00, the continuation of the automatic stay is unwarranted.

31. If the stay is not terminated and annulled, the Lenders will lose additional sums solely by virtue of the Debtor's improper conduct, which conduct is designed to attempt to avoid the Debtor's obligations and to permit him to live in the Premises cost and expense free.

32. The Lenders herein are individual investors who have contributed their life savings to the loan to the Debtor. They need the income arising from this investment and can not afford to lose the principal sum which they have loaned to him.

33. Section 362 (d) of the United States Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay for *inter alia* (i) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

34. Herein, upon the above, the Debtor has no equity

or interest left in the Premises. Moreover, he is no longer in Chapter 13 and there accordingly is no property interest "necessary to an effective reorganization".

35. Additionally, cause exists for vacating of the automatic stay. If the stay is not vacated, the Debtor will be able to remain in the Premises indefinitely without paying the Lenders any money whatsoever. The Lenders, on the other hand, are being materially harmed by the Debtor's failure to make only three payments over the last 27 months. The Lenders depend on that money to pay their own obligations.

36. Unless the stay is terminated and annulled as requested herein, by virtue of the Debtor's bankruptcy filing on August 26, 2009 and the relief accorded to the Debtor by §362 of the Bankruptcy Code, the Lenders will remain stayed from proceeding pursuant to the Loan Documents to recover their security or from otherwise undertaking any other legal means of obtaining to collect the debt owed to them.

37. Assuming that the Debtor still has a property interest in the Premises, the Debtor has not provided the Lenders with any "adequate protection" within the meaning of §361 to protect them from loss of income attributable to loan made to the Debtor.

WHEREFORE, the Lenders respectfully request that this Court grant the instant motion on behalf of them and issue an

Order for the relief more specifically set forth in the annexed Notice of Motion.

Dated:    Syosset, New York
          March 22, 2010

                                                        */s/ Gary Schoer*
                                    GARY SCHOER. ESQ.
*Attorneys for Creditors
Lorraine Lynch, Kenneth Alterman,
Roberta Alterman, The Allen
Resnick Lifetime Trust and The
Sheila Resnick Lifetime Trust*
6800 Jericho Turnpike, Suite 108W
Syosset, New York 11791
(516) 496-3500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
In re:                                          Chapter 7
CHANGANDA P. CARIAPPA                            Case No.: 1-09-47321-dem

                    Debtor.

------------------------------x

### AFFIDAVIT IN SUPPORT OF MOTION TO ANNUL OR IN THE ALTERNATIVE VACATE THE AUTOMATIC STAY

STATE OF NEW YORK}
                 }SS:
COUNTY OF NASSAU }

Allen Resnick, being duly sworn deposes and says:

1. I am the trustee of the Allen Resnick Lifetime Trust (hereinafter the "Trust").

2. On or about December 6, 2006, the Trust along with Lorraine Lynch, Kenneth Alterman, Roberta Alterman and the Sheila Resnick Lifetime Trust (hereinafter the "Lenders") collectively loaned to the Debtor $210,000.00 secured by his shares in the Cooperative Apartment located at 97-37 63rd Road, Apt. 5J, Rego Park, New York (hereinafter the "Premises").

3. Thereafter, on or about January 4, 2008 the Debtor stopped making the monthly payments on the sum loaned to him.

4. The Lenders then sought a public sale of the shares of capital stock and the proprietary lease for the premises scheduling, noticing and publishing an auction to be

held on April 18, 2008.

5.   The Debtor brought an Order To Show Cause staying that public auction.

6.   One year later, after the Debtor made minimal additional payments to the Lenders, the Parties entered into a Stipulation of Settlement revising the Adjustable Rate Note and Security Agreement (See Exhibit "A-C" annexed).

7.   Thereafter, the Debtor again failed to timely make his payments and a new public auction was scheduled, noticed and published.

8.   Several days prior to this scheduled auction the Debtor filed the instant bankruptcy petition.

9.   The history of this proceeding is set forth in the annexed Application which I have read and which I, respectfully, incorporate in this affidavit.

10.  Since January, 2008 the Debtor has only made 3 payments pursuant to the loan made to him.

11.  The Debtor's actions have been in bad faith, have been fraudulent and have been designed to merely delay the Lenders in obtaining relief and the satisfaction of the Loan.

12.  Moreover, the Debtor's actions have severely impacted upon the Lenders, each of whom are individuals who have significant portions of their savings tied up in this loan and who, for more than two years, have received virtually no return

with which they can pay their expenses.

13. Additionally, the current sums due to the Lenders exceed $250,000.00. While the last appraisal done in 2006 exceeded this sum, my investigation has revealed that the market since 2006 has declined and the equity in the Premises currently is minimal, at best.

14. Upon the above, and that set forth in the annexed Application, it seems clear that the automatic stay herein should be annulled and/or vacated.

WHEREFORE, your deponent respectfully requests that the relief more specifically set forth in the annexed Notice of Motion be granted.



_____
Allen Resnick

Sworn to before me this
26 day of March, 2010.

_____

GARY SCHOER
Notary Public, State of New York
No. 52-4636925
Qualified in Suffolk County
Commission Expires April 30, 20 16

STATE OF NEW YORK  )
                   )  SS.:
COUNTY OF NASSAU   )

TERESA MCINTOSH, being duly sworn says, he is not a party to the within action, is over 18 years of age and resides in Suffolk County, New York.

Deponent on March 2⁹, 2010 served a copy of the AMENDED NOTICE OF MOTION TO ANNUL OR IN THE ALTERNATIVE VACATE THE AUTOMATIC STAY on the following:

To:  Diana G. Adams, Esq.
     Office of the United States Trustee
     271 Cadman Plaza East, Suite 4529
     Brooklyn. New York 11201

     Changanda P. Cariappa
     97-37 63rd Road, Apt. 5J
     Rego Park, New York

     Catherine May Co, Esq.
     Law Office of Catherine May Co
     *Attorney For Debtor*
     109 Davison Avenue
     Lynbrook, New York 11563

     Richard K O'Connell, Esq.
     *Chapter 7 Trustee, Estate of Changanda P. Cariappa*
     Yost & O'Connell
     24-44 Francis Lewis Boulevard
     Whitestone, New York 11357

By depositing a true copy of same in a first class mail in a properly addressed envelope within the State of New York.

_____
TERESA MCINTOSH

Sworn to before me this
2⁹ day of March, 2010.

_____
GARY SCHOER
Notary Public, State of New York
No. 52-4636925
Qualified in Suffolk County
Commission Expires April 30, 2014

1

CHAPTER 7
CASE NO. 1-09-47321-dem

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

CHANGANDA P. CARIAPPA

        Debtor.

---

## AMENDED NOTICE OF MOTION TO ANNUL OR IN THE ALTERNATIVE VACATE THE AUTOMATIC STAY

---

**GARY SCHOER, ESQ.**
*Attorney for Creditiors*
NORTH SHORE ATRIUM
6800 JERICHO TURNPIKE, SUITE 108W
SYOSSET, NEW YORK 11791
(516) 496-3500

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:..............................    Signature.......................................................................

                                   Print Signer's Name........................................................

---

*Service of a copy of the within*                                           *is hereby admitted*

Dated:

                                         ............................................................
                                         *Attorney (s) for*

---

**PLEASE TAKE NOTICE**

   ☐    *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*             20
ENTRY

   ☐    *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                      , *one of the judges of the within-named Court,*
Entry          *at*             20    , *at*            *M.*

*Dated:*                                          **GARY SCHOER, ESQ.**
                                 *Attorney for*

*To:*                                                NORTH SHORE ATRIUM
                                               6800 JERICHO TURNPIKE, SUITE 108W
*Attorney (s) for*                                   SYOSSET, NEW YORK 11791